March 7, 2024

REC'D MAR 8 2024

To: District Court of Pennsylvania, 601 Market St #2609, Philadelphia, PA 19106

From: Lillie M. Coley, PhD

Clerk,

Please be advised I am filing a complaint and a TRO Motion. The TRO motion exhibits attached have been redacted for public filing.

I am also providing the court with un-redacted version of the TRO exhibits to been seen by court and judges only.

Please contact me with any questions.

Sincerely,

Dr. Lillie M. Coley, PhD

REC'D MAR 8 2024

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LILLIE COLEY
RYMIR SATTERTHWAITE
WANDA SATTERTHWAITE
ROBERT GRAVES                                          CIVIL ACTION NO.

                Plaintiffs,

    vs.                                           **JURY DEMAND (12)**

NEW JERSEY SUPREME COURT,                     Federal Questions
                                              Civil Rights
JUDGE DEBORAH SILVERMAN KATZ,                 Discrimination
                                              1st, 5th, 6th, 13 & 14th Amendment
JUDGE CHARLES W. DORTCH JR,                   of the U.S. Constitution

JUDGE STEPHEN POLANSKY,

JUDGE EDWARD J. MCBRIDE JR, J.S.C.

NEW JERSEY SUPERIOR COURT FAMILY DIVISION
& CIVIL LAW DIVISION

NEW JERSEY APPPELLANT COURT,

Administrative Office of the Courts
("AOC")                         Defendants.

_____

## COMPLAINT

1.    This action has been initiated by Pro Se Plaintiffs, Lillie Coley, Rymir

Satterthwaite, Wanda Satterthwaite, and Robert Graves hereinafter referred to

collectively as ("Plaintiffs"), unless otherwise indicated.

## JURISDICTION

2.    Plaintiffs incorporate by reference each and every allegation contained in the

preceding paragraphs as if set forth fully herein.

3.    This Court has jurisdiction over this action under pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

4.    The Court may exercise subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1-4), 1346(b), 2201 AND 2202 because it arises under the laws of the United States and seeks redress for violations of federal law.

**VENUE**

5.    Venue of these actions against all defendants is proper under 28 U.S.C. § 1391 (b)(2); (c)(1); (f)(1); (f)(3).

**PARTIES**

6.    Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

7.    Plaintiff Lillie Coley ("Coley") is a citizen of Pennsylvania who resides at 3900 City Ave. Apt. M420 Philadelphia, PA 19131.  Coley is an African American woman and the godmother and legal guardian of Plaintiff Rymir when he lived in New Jersey. Coley is also acting on behalf of the estate of Plaintiff Wanda

Satterthwaite ("Wanda"), who is deceased and was the birth mother of Rymir.
Wanda initiated a process in Pennsylvania seeking Rymir biological father.

8.    Plaintiff Rymir Satterthwaite ("Rymir") is a citizen of Pennsylvania who
resides at 3650 N. Marvine St, Philadelphia, PA 19140.

9.    Plaintiff Robert Graves ("Graves") is an adult citizen of Pennsylvania who
utilized a DNA test to biologically prove to Philadelphia courts that he has no
relationship to Rymir 44a Hall Manor, Harrisburg, PA 17104

10.    Defendant Supreme Court of New Jersey ("SCNJ") is a state entity located
in 25 W. Market St., 8th Floor, Trenton, New Jersey, 08625.

11.    Defendant Superior Court Civil Law Division ("SCCD") is a state entity
located at Camden County Hall of Justice, 101 South 5th Street, Camden, NJ
08103-4001.

12.    Defendant New Jersey Appellant Division(appeals court) ("ACNJ") is a
state entity located at 25 W. Market St. , 5th Floor, Trenton, NJ 08625

13.    Defendant Charles W. Dortch, Jr. ("Dortch") is a Judicial Official of the
Superior Court Family Division ("SCFD") located at Camden County Hall of
Justice, 101 South 5th Street, 3rd Floor Camden, NJ 08103-4001, and is involved
in deprivation of Plaintiffs' civil rights and fraud upon the court.

14.    Defendant Deborah Silverman Katz ("Katz") is an assignment (Chief)
Judicial Official of the Superior Court with the responsibility of administrative

operations located at Camden County Hall of Justice, 101 South 5th Street, 3rd Floor Camden, NJ 08103-4001, and is involved in violation of Plaintiffs' procedural and substantive due process.

15. Defendant Stephen Polansky ("Polansky") is a Judicial Official of General Equity in the Superior Court located at Camden County Hall of Justice, 101 South 5th Street, 3rd Floor Camden, NJ 08103-4001, and is involved in violation of Plaintiffs' procedural and substantive due process, in addition to deprivation of civil rights.

16. Defendant Edward J. McBride, Jr. J.S.C., is a Judicial Official of the Superior Court Family Division ("SCFD") located at Camden County Hall of Justice, 101 South 5th Street, 3rd Floor Camden, NJ 08103-4001, and is involved in deprivation of Plaintiffs' civil rights and fraud upon the court. He presided over the Generic/Paternity testing and Support Application.

17. Defendant, Administrative Office of the Courts ("AOC") is a statewide judicial branch within the State of New Jersey proclaiming to ascertain official acts are consistent with the law.

## FACTUAL ALLEGATIONS

### *INTRODUCTION*

18. This case involves a most egregious form of censorship, as Plaintiff and media outlets have been forbidden (inter alia) from publicly criticizing the New

Jersey Court system's violation of her fundamental constitutional rights that is the basis of a pending federal lawsuit.

19.    The Defendants conspired against Plaintiff by agreeing to commit a series of acts to commit fraud upon the court and acted under color of law, namely, in violation of her First Amended right, limiting public discussion and press coverage. Defendants' acts and conduct violated Plaintiff's First Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment and secured by 42 U.S.C. § 1983 and § 1985. In addition, Defendants imposed frivolous sanctions on Plaintiff for allegedly violating a gag order that never existed; thereby depriving Plaintiff of her constitutional rights of life, liberty or property in a related suit in state court.

20.    Substantial, immediate and irreparable harm will unavoidably result to Plaintiff in the form of unjustifiable interference with her federally protected First Amendment right to freedom of speech and freedom of the press, Fifth, Sixth, and Fourteenth Constitutional rights for which Plaintiff has no adequate remedy at law unless Defendants are enjoined.

## PROCEDURAL BACKGROUND

21.    On June 14, 2011 legal Custody of the minor Rymir was awarded to Coley in Atlantic County, NJ, where he attended high school and later college. Case# FD-

01-001823-11. Coley and Rymir moved to Camden County and venue was change on or about May 25, 2012.

22.    On June 18, 2012, Plaintiff filed a Petition for Child/College Support. Case# FD-04-002874-12.

23.    On August 13, 2012, Judge McBride dismissed Plaintiff complaint for lack of personal and subject matter jurisdiction. The dismissal was without prejudice. He ordered the court proceedings in this matter shall be closed to the public and the record shall be sealed from the public.

24.    On November 6, 2012, Plaintiff filed a motion for Reconsideration and to reopen the case FD-04-002874-12.    Plaintiff attached other party NJ property deeds and NJ tax records to her Motion for Reconsideration

25.    On December 14, 2012, the Court denied Plaintiff's Motion.

26.    In December 2014 CAM-L-4749-14 - Plaintiff re-filed the petition and subsequently requested the Court for leave to Amend the complaint since Plaintiff discovered that Defendant owed several properties and thus, the Court had in fact jurisdiction over the case and the Defendant as she sought her attorney fees damages from mispresentation on or about August 13, 2012.

27.    On February 19, 2015 the court enters an order directed to the clerk not the parties saying court proceedings closed to public and entire record sealed from the public.

28.    On March 26, 2015, Plaintiff's attorney brought to the attention of the Court that Defendant and his attorney committed fraud and fraud upon the court and attached in that correspondence an Amended Complaint.

29.    On May 15, 2015, the Court denied the Daily News request to vacate the order sealing the record and closing the courtroom.  The court ordered the Daily News and its agents, together with the other parties to this action foreclosed from disseminating information, obtained as a result of the sealed proceedings or the examination of sealed documents, for purposes of facilitating news reporting that pertains to any sealed proceedings.

30.    On May 19, 2015, the Court order the Daily News and the parties from disseminating information, including transcripts, obtained as a result of the sealed proceedings, or the examination of sealed documents, for purposes of facilitating news reporting that pertains to any seal proceedings.

31.    The Daily News appealed.

32.    On August 11, 2015, the Court of Appeals reversed the trial court order stating it was "overly broad."

33.    The trial court orders dated February 19, 2015, May 15, 2015, and May 19, 2015, sanctioning Plaintiff are void and unenforceable because the May 15th and 19th orders were reversed by the Court of Appeal and yet the trial court sanctioned Plaintiff using vacated order and also because all the orders are the result of

fraudulent proceedings and violation of Plaintiff's First, Fifth, Sixth, Thirteenth and Fourteenth Amendment constitutional rights. First, despite the Court of Appeals reversing the trial court's orders dated, May 15, 2015 and May 19, 2015, the trial court subjected Plaintiff Coley to sanctions based on these May 15th and May 19th orders that were vacated on August 11, 2015 by the Court of Appeals. These orders were characterized by appeals court as gag orders in their decision. Also, on July 2, 2015 the trial court entered a modified order reflecting the appeals court decision while stating parties "is not restricted from disseminating any information". Furthermore, another order that the court used to improperly sanction the Plaintiffs was one dated on February 19, 2015, simply declaring that (1) The court proceedings were closed to the public; and (2) that the entire record sealed from the public. Thus, it is not a gag order to begin with. This order was directed to the Clerk not the parties therefore, Plaintiff did not violate the order. For the record, Plaintiff did not disseminate files or had spoken to the media.

34.    Second, the trial court represented to the parties that it lacked subject matter jurisdiction yet went ahead and sanctioned the Plaintiffs despite lacking any jurisdiction or authority over the parties or the subject matter. The trial court violated Plaintiff's due process and arbitrarily issue sanctions on Plaintiff depriving her of property by allowing the opposing parties to place a lien on her property. In addition, the trial court orders are the result from the opposing parties' fraud upon

the court acts.  The trial court orders are the Fruits of the Poisonous Tree. When Allegations of fraud occurs sealing of record is in violation of 18 U.S. Code § 1017 thereby rendering such order invalid.

35.    On January 13, 2022, the trial court issued an Injunction preventing from filing any Complaints or Applications with the trial court and other courts throughout the State of New Jersey preventing Plaintiff to exercise her constitutional rights of due process.  The trial court accused Plaintiff of filing several applications, when in fact Plaintiff has only filed two: the first one was the paternity case number: FD-04-002874-12 that the court dismissed "without prejudice".  Since it was dismissed without prejudice, Plaintiff was entitled to re-file the case with newly acquired evidence showing that the opposing party own properties in the State of New Jersey; thereby overcoming the opposite party's defense of lack of subject matter jurisdiction, case number: CAM L-4749-14. Consequently, Plaintiff has no other option but to file this action at the Federal level based on violation of her U.S. Constitutional Rights as mentioned hereinabove and in her Complaint.

36.    Plaintiff and the Daily News as an intervenor appealed the trial court unconstitutional and arbitrary orders.

However, despite Plaintiff Coley complying with all the procedural rules and posting the appropriate fees, the trial court's clerk and the Court of Appeals Clerk

denied to process her appeal while not refunding her filing fee of $250.00.

37.    On May 2, 2023, Plaintiffs were denied Petition for Review by New Jersey Supreme Court regarding 14th amendment and civil rights matters.

## COUNT I

## VIOLATION OF U.S. CONSTITUTION FIRST AMENDMENT RIGHTS (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY SCFD, AOC, SCNJ, SCCD AND ACNJ,

38.    Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

39.    McBride sealed the court records and Dortch continued to keep the records sealed to prevent Plaintiffs from litigating their case.

40.    Contrary to the Court's record, Dortch arbitrarily issued an order sanctioning Plaintiffs alleging that the Plaintiffs released court documents that were sealed to the public.

41.    Dortch continued to sanction Coley for non-payment of attorney fees which must be paid before she can proceed with a jury trial of her application.

42.    Dortch's sanctions are a violation Plaintiffs U.S. Constitutional First Amendment rights because they were intended to prevent access to the Court and have their day in court.

43.    On March 25, 2022 Katz and Polansky sanctioned Plaintiffs $2,500 for allegedly publishing, disseminating, causing to published and causing to be

disseminated information in violation of the 2/19/15 order which is neither a protective order nor a gag order.

44.    Katz and Polansky violated Plaintiff's U.S. First Amendment Constitutional rights by sanctioning Plaintiffs in violation of the Court of Appeals Remand Order which reversed the May 15th & 19th 2015 orders.  Simply put, the Court of Appeals vacated the lower court orders noting in their decision on August 11, 2015 that a court should not impose "gag" orders.  Also, on July 2, 2015 the trial court entered a modified order stating parties "is not restricted from disseminating any information". In addition to those two orders, Katz and Polansky use a February 19, 2015 Order to improperly sanction Ms. Coley.  This particular order was never a gag order because it was simply declaring that: (1) The court proceedings were closed to the public; and (2) that the entire record was sealed from the public. Thus, it is not a gag order to begin with, and assuming arguendo that it was (which it wasn't), the order was unconstitutional because it was vague and ambiguous since it was not ordering the Plaintiffs from refraining from anything subject to any penalty or sanction. Again, even if it is not found to be vague and ambiguous, it was certainly overbroad and therefore unconstitutional because it is subjecting Plaintiff to a prior restraint on her First Amendment right to the U.S. Constitution. In addition, Plaintiffs did not disseminate nor publish any information so there was not any violation of a gag order because there was not a gag order to begin with

and even if she did disseminate or publish the alleged information, (which she did not) it is within her constitutional right to do so.

45.    On April 19, 2022, despite the Court representing to Plaintiffs that they lacked subject matter and personal jurisdiction, Polansky issued an ordered Plaintiffs to pay the opposing party $5,292 and $9,544.50 for attorneys fees.  This order was in retaliation for Plaintiffs exercising their due process rights and Defendants' effort to silence Plaintiff; thereby, violating Plaintiff's U.S. First Amendment Constitutional rights.

46.    SCFD sanctioned Plaintiffs based on an alleged gag order that prohibited the Parties from speaking to the public about the case. However, the Plaintiffs were not aware that such gag order existed and even if it did exist, she did not speak about the case in public. The Daily News filed their appeal, which the Court of Appeals reversed the alleged gag order in 2015.  Despite the Court of Appeals reversal allowing Plaintiffs to openly speak with the public on the matter, the SCFD continued sanctioning Plaintiff for violating a gag order that don't exist. Therefore allegations against Plaintiffs were false on multiple levels.

47.    SCFD violated Plaintiff's U.S. First Amendment Constitutional rights by allowing McBride's, Dortch's, Polansky's and Katz's to sanction Plaintiffs and preventing Plaintiffs access to the records by sealing the records and from discussing the case with the press.  The sanctions sought to silence the Plaintiffs

from speaking upon the rights. The sanctions were intended to prevent Plaintiffs to litigate their case and access to the Court in violations of Plaintiffs constitutional rights including the First Amendment to the U.S. Constitution.

48.    AOC, SCNJ, SCCD and ACNJ violated Plaintiff's U.S. First Amendment Constitutional rights by participating and ratifying McBride's, Dortch's, Polansky's, and Katz's acts and conduct mentioned hereinabove.

49.    The unfounded sanctions resulted in an illegal lien placed on the residence of Plaintiff Coley which she was not aware and never served. All of this based on fraud and no due process. Now December 2023 these liens are preventing a complete sale of Coley's home as $35,000 is in escrow as she seeks to resolve this matter.

50.    Appeal from this matter was blocked by ACNJ. About eight(8) to ten(10) complaints filed to AOC regarding civil rights and discrimination violations at which all was ignored from 2017 to present. Even a memo from NAACP of Philadelphia was not responded to by the AOC.

51.    Over ten(10) complaints and inquires to Attorney General office of New Jersey with no results.

52.    All Petitions for Review to SCNJ were denied April 2023.

53.    Plaintiffs suffer and continues to suffer damages. Plaintiff Coley's income was drained of more than $100,000 for attorney's fees and other litigation costs in

wholly unnecessary litigation. This forced the Plaintiff to reach out to family members for money to pay for legal fees and costs.

54.   Plaintiffs continues to incur expenses up to this date.

### COUNT II
### VIOLATION OF DUE PROCESS UNDER THE 14TH AMENDMENT
### (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY SCFD, AOC, SCNJ, SCCD AND ACNJ)

55.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

56.   AOC, SCNJ, SCCD, SCFD and ACNJ violated Plaintiff's U.S. First Amendment Constitutional rights by participating and ratifying McBride's, Dortch's, Polansky's, and Katz's acts and conduct consisting of but not limited to depriving Plaintiffs of property without due process of law and abridging Plaintiffs' privileges or immunities.

57.   Plaintiffs utilized the correct procedures of law to attempt to remedy the fraud and seek justice for all Plaintiffs involved. In doing so Plaintiffs filed an abundance of civil rights complaints from 2017-2022 against the agents of New Jersey State courts which were ultimately ignored, not processed or refused by the Administrative Office of Courts.

58.   All levels of the New Jersey State Courts continued to treat plaintiffs differentially until they sought assistance from agents outside of the court.

59.   The actions of the court affected Rymir's ability to prove his civil inheritance

case. Furthermore, seeking justice had adversely affected his family when he initially thought seeking his father would provide closure.

60.    In 2019, Plaintiffs followed Judge Michael J. Kassel's recommendation of the SCFD to reopen the family case to have the information vacated and seek damages.

61.    On November 23rd, 2021, Plaintiffs submitted their motion to reopen their case in SCFD.

62.    Plaintiffs filed a modification of the August 13th, 2012, order dismissing the case; however, Katz abandoned her legal duty when she held the pleading for months without providing updates to the plaintiff and their motion was ignored never responded to.

63.    Consecutively the trial court never ruled on Plaintiffs' petition for modification in the family part the action was obstructed by Judge Katz. The attempted filing fee was returned with a claim of mileage reimbursement which is false **four(4) months later unfiled.**   This is another misrepresentation made by a New Jersey Court official who holds an obligation to prevent the hindrance of Coley's litigations. Judge Katz chose to partake in the fraud with hopes of deterring her from litigating her way to the truth.  The actions of Judge Katz are a violation of procedural due process. Judge Katz' actions comprise a willful disobedience of judicial duties.  It further demonstrates clear and convincing

evidence of an intent to deceive the court with regard to Coley's right to procedural due process.

64.     Defendants deprived Plaintiffs of their rights as set forth under the Fourteenth Amendment of the U.S. Constitution. Defendants denied Plaintiffs the right to trial and the right to counsel as Plaintiffs were taken advantage of when their attorney died and the trial court continued with the proceedings despite Plaintiffs requesting to stay the proceedings pending the Plaintiffs good faith efforts to find a substitute attorney.

65.     Defendants denied Plaintiffs of their right to engage in discovery and fact finding for every litigation from 2012 to 2023.

66.     As a result of Defendants' depriving Plaintiffs' rights and privileges they were injured and suffer damages.

67.     The lien has affected plaintiff Coley's property and abused her substantive right to liberty and property. Her freedom to seek answers within a court was restricted by the mistreatment and harassment of New Jersey Court Agents.

68.     Furthermore, Coley's property was wrongfully targeted. Coley has abided by legal recourse in the State of New Jersey. Her willingness to submit to the law resulted in sanctions of attorney's fees from court orders based on fraud and that were arbitrary and in violation of the U.S. Constitution depriving Plaintiffs of their Constitutional right to property by awarding attorney fees and placing an

undeserving lien on her home that she has a right to protect from the government and those acting in concert with the government.

69.    The unfounded sanctions resulted in an illegal lien placed on the residence of Plaintiff Coley and now has prevented the full sale of her home and future home.

70.    Plaintiffs suffer and continues to suffer damages.  Plaintiff Coley's income was drained of more than $100,000 for attorney's fees and other litigation costs in wholly unnecessary litigation. This forced the Plaintiff to reach out to family members for money to pay for legal fees and costs.

71.    Plaintiffs continues to incur expenses up to this date.

## COUNT III

**VIOLATIONS OF CONSTITUTIONAL ACTS UNDER COLOR OF STATE LAW
(AGAINST McBRIDE, DORTCH, KATZ, POLANSKY SCFD, AOC, SCNJ, ACNJ)**

72.    Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

73.    Defendants acted under the color of state law when they deprived the Plaintiff's federal rights, privileges, or immunities when exercising power possessed by virtue of law was made possible only because they were clothed with the authority of state law as follows:

74.    McBride sealed the court records.

17

75.    McBride and Dortch prevented Plaintiffs access to the records.

76.    On August 13, 2012, Judge McBride dismissed without prejudice Plaintiff's complaint for lack of personal and subject matter jurisdiction. He ordered the court proceedings in this matter shall be closed to the public and the record shall be sealed from the public.

77.    Dortch sanctioned Plaintiffs. All sanctions resulted in violations of Plaintiffs constitutional rights including the First and Fourteenth Amendments of the U.S. Constitution.

78.    Dortch continued to keep the records sealed to prevent Plaintiffs from litigating their case.

79.    SCFD violated Plaintiff's U.S. First Amendment Constitutional rights by allowing McBride's, Dortch's, Polansky's and Katz's to sanction Plaintiffs and preventing Plaintiffs access to the records by sealing the records and from discussing the case with the press.  The sanctions sought to silence the Plaintiffs from speaking upon the rights.  The sanctions were intended to prevent Plaintiffs to litigate their case and access to the Court in violations of Plaintiffs constitutional rights including the First Amendment to the U.S. Constitution.

80.    AOC, SCNJ, and ACNJ violated Plaintiff's U.S. First and Fourteen Amendment Constitutional rights by participating and ratifying McBride's, Dortch's, Polansky's, and Katz's acts and conduct mentioned hereinabove.

81.     The sanctions against Plaintiffs were secured by fraud on the court when other parties and their attorneys told the court he did not own any properties in New Jersey when in fact he did. The fraud upon took place when the trial court opted to act in concert with other parties by disregarding Plaintiff's evidence showing deeds and tax records demonstrating other party ownership of three properties.

82.     Defendants acted with the intent of abusing and violating Plaintiffs constitutional rights. It further sought to paint Plaintiffs as burdens of the court for accessing the constitutional rights they were born with.

83.     All Defendants owe a duty to protect Plaintiffs' rights and privileges under the Constitution and other laws as stated in this complaint.

84.     Defendants breached their duties when they opted to engage in their dereliction of their duties.

85.     Defendants did not protect Plaintiffs' constitutional rights because they are black, female and retaliation.  At every hearing they were treated less than a citizen.

86.     Defendants blocked Plaintiffs' constitutional rights and barred closure for a young man seeking to understand where he came from.

87.     Plaintiffs suffer and continues to suffer damages.  Plaintiff Coley's income was drained of more than $100,000 for attorney's fees and other litigation costs in

wholly unnecessary litigation. This forced the Plaintiff to reach out to family members for money to pay for legal fees and costs.

Plaintiffs continues to incur expenses up to this date.

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983 –
## CIVIL ACTION FOR DEPRAVATION OF RIGHTS
## (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY SCFD, AOC, SCNJ, AND ACNJ)

88.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

89.   Defendants' acts and conduct were accomplished under the color or state law.

90.   All defendants conspired, participated, and ratified each other acts and conduct to deprive Plaintiffs' civil rights based on the Fourteenth Amendment.

91.   Defendants deprived Plaintiffs' rights and privileges secured by the First and Fourteenth Amendment under the Constitution and laws as set forth herein this complaint.

92.   AOC, SCNJ, and ACNJ violated Plaintiff's U.S. First and Fourteen Amendment Constitutional rights by participating and ratifying McBride's, Dortch's, Polansky's, and Katz's acts and conduct mentioned hereinabove.

93.   The sanctions against Plaintiffs were secured by fraud on the court when another party told the court he did not own any properties in New Jersey when in

fact he did. Also, the Court disregarded Plaintiff's evidence showing deeds demonstrating another ownership of three properties.

94.    ACNJ should not have reviewed any orders obtained by fraud particularly when the appeal is taken from a void judgment

95.    Defendants acted with the intent of abusing and violating Plaintiffs constitutional rights. It further sought to paint Plaintiffs as burdens of the court for accessing the constitutional rights they were born with.

96.    All Defendants owe a duty to protect Plaintiffs' rights and privileges under the Constitution and other laws as stated in this complaint.

97.    Defendants breached their duties when they opted to engage in their dereliction of their duties.

98.    Defendants did not protect Plaintiffs' constitutional rights because they are black, retaliation and female.  At every hearing they were treated less than a citizen.

99.    Defendants blocked Plaintiffs' constitutional rights and barred closure for a young man seeking to understand where he came from.

100.    As a result of Defendants' depriving Plaintiffs' rights and privileges they were injured and suffer damages.

101.    The unfounded sanctions resulted in an illegal lien placed on the residence of Plaintiff Coley which now has caused more damages based on fraud.

102.   Plaintiffs suffer and continues to suffer damages.  Plaintiff Coley's income was drained of more than $100,000 for attorney's fees and other litigation costs in wholly unnecessary litigation. This forced the Plaintiff to reach out to family members for money to pay for legal fees and costs.

103.   Plaintiffs continues to incur expenses up to this date.

**COUNT V**
**VIOLATION OF U.S.C. §1985**
**(AGAINST McBRIDE, DORTCH, KATZ, POLANSKY SCFD, AOC, SCNJ, AND ACNJ)**

104.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

105.   Defendants conspired and participated in acts of fraud upon the court and the violations of Plaintiffs' civil rights under the color of State Law 42 U.S.C.S. 1983 and 1985. Defendants violated Plaintiffs' substantive and procedural due process rights when they opted to engage in their gross dereliction of their duties during and after a family court case ("FD-002874-12") which resulted in major disturbance of due process in Rymir's Civil inheritance case ("FD-04-00186-14").

106.   All Defendants conspired to deprive Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the laws.

107.   AOC, SCNJ, and ACNJ violated Plaintiff's U.S. First and Fourteen Amendment Constitutional rights by participating and ratifying McBride's, Dortch's, Polansky's, and Katz's acts and conduct mentioned hereinabove.

108.   The sanctions against Plaintiffs were secured by fraud on the court when another party told the court he did not owe any properties in New Jersey when in fact he did which begun the series of fraudulent litigations. Also, the Court disregarded Plaintiff's evidence showing deeds demonstrating other party's ownership of three properties.

109.   Defendants acted with the intent of abusing and violating Plaintiffs constitutional rights. It further sought to paint Plaintiffs as burdens of the court for accessing the constitutional rights they were born with.

110.   All Defendants owe a duty to protect Plaintiffs' rights and privileges under the Constitution and other laws as stated in this complaint.

111.   Defendants breached their duties when they opted to engage in their dereliction of their duties.

112.   Defendants did not protect Plaintiffs' constitutional rights because they are black, female and retaliation.  At every hearing they were treated less than a citizen.

113.   Defendants blocked Plaintiffs' constitutional rights and barred closure for a young man seeking to understand where he came from.

114.   Defendants act and conduct were racially motivated and invidiously discriminated against Plaintiffs because they are black and retaliation.

115.  Defendants' act and conduct shows that there were racially or class-based, invidiously discriminatory animus behind their actions that took place.

116.  Dortch's order to seal the records was directed in the furtherance of defendants' conspiracy and was conducted in violation of 18 U.S. Code § 1017 thereby rendering such order invalid.

117.  Coley was informed by Judge Dortch that although she is an American citizen, she is precluded from certain rights belonging to another Defendant.

118.  Defendants deprived Plaintiffs' rights and privileges secured by the First, Sixth, Thirteenth, and Fourteenth Amendment under the Constitution and laws as set forth herein this complaint.

119.  As a result of Defendants' depriving Plaintiffs' rights and privileges they were injured and suffer damages.

120.  The unfounded sanctions resulted in an illegal lien placed on the residence of Plaintiff Coley.

121.  Plaintiffs suffer and continues to suffer damages.  Plaintiff Coley's income was drained of more than $100,000 for attorney's fees and other litigation costs in wholly unnecessary litigation. This forced the Plaintiff to reach out to family members for money to pay for legal fees and costs.

122.  Plaintiffs continues to incur expenses up to this date.

## COUNT VI
## BIVENS-TYPE ACTIONS
## (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY SCFD, AOC, AND ACNJ)

123.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

124.   A private cause of action could be maintained under *Bivens* for violations of the due process clause and the First, Sixth, Thirteenth, Fourteenth Amendment of the U.S. Constitution.

125.   Defendants sealed the records thereby depriving Plaintiffs access to court records and defend themselves and have a fair trial thus violating their constitutional rights under the Petition Clause of the First and Six Amendment to the U.S. Constitution.

126.   Defendants deprived Plaintiffs from obtaining civil redress thereby violating the very essence of civil liberty.

127.   Defendants failed to provide them adequate protection.


## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST McBRIDE, DORTCH, KATZ, POLANSKY SCFD, AOC, SCNJ, ACNJ)

128.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

129.   Defendants' acts and conduct caused Wanda to die.

25

130. Not only did Plaintiff lost a loved one resulting from Defendants' act and conduct that resulted in induced sickness to Wanda, but the Defendants recklessly took away Plaintiffs' dignity as well.

131. Plaintiffs suffered severe emotional distress that they carry daily, particularly Rymir who not only loss his mother but also was robbed of some essential youth moments and privacy.

132. Defendants' act and conduct was the proximate result of Plaintiffs' severe emotional distress that continues up to this date.

133. Plaintiff in October of 2021 moved to re-open the family part to dismiss it as recommended by Judge Kassel and Tiffany the family court supervisor. Four(4) months later on January 13th, 2022, Judge Deborah Silverman Katz ("Judge Katz") conducted a hearing with solely the defendant present to stop plaintiffs from filing requests to the court without her permission. A couple days later, on the 18th, Judge Katz returned the family part request with her money stating it was a mileage reimbursement which was false. Through the process Coley has been denied access to transcripts and was instructed that she must see defendant's attorney, Kenneth Winters to obtain transcripts.

134. SCCD and Polanski entered orders targeting only Coley to be denied court transcripts. Polanski also denied Plaintiff's request for discovery. Polanski mismanaged the case; he told Plaintiff that there were no pending appeals in

Appellant Division which was false. This denial resulted in depriving Plaintiff of her day in court. ACNJ denied Coley documents on appeal at which she paid fees. This was to obstruct her ability to defend her issues on appeal. In some cases the appeals denied or dismissed. These multiple layers of blockage from trial court to appeals caused emotional stress due to denials, dismissals, lost documents that was not really lost and non refunding of appeals fees and documents fees.

135. Actions of Defendants endangered our lives due to high profile nature of case as persons came to our home 4am in morning, drove on lawn, surveillance and followed us in various locations. Rymir also was victim of his car being shot up with gun holes while no other car was touched in full parking lot. Some parties and attorneys of the case have back grounds of allegations of criminal intents.

## COUNT X
## DECLARATORY JUDGMENT

136. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

137. Plaintiffs seek a declaratory judgment that the Defendants' acts, practices, judgments, rulings, and omissions alleged herein were unconstitutional and in violation of federal law.

138. Declare that Defendants violated Plaintiffs' rights protected under the Constitution of the United States and federal laws causing Plaintiffs to be

wrongfully denied their property under color of law, causing them great financial loss and personal harm.

139.  Declare that court records needs to unsealed for public review which demonstrates the allegations set forth therein.

140.  On May 3, 2023, Plaintiffs were denied Petition for Review by New Jersey Supreme Court again regarding 14th amendments and civil rights issues.  AOC would not process Plaintiff civil rights complaints and Judiciary Committee never responded to complaints of misconduct.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray for judgment as follows:**

Defendants to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay, and benefits Plaintiffs would have received had it not been for Defendants illegal actions;

1.  Plaintiffs to be accorded equitable or injunctive relief as allowed by applicable law;

2.  Plaintiffs to be awarded actual damages for negligent infliction of emotional distress.

3.  Plaintiffs to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

4. Plaintiffs to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

5. Plaintiffs be awarded punitive damages as permitted by the violations of the First, Sixth, Thirteenth, and Fourteenth Amendment to the U.S. Constitution, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, reckless and outrageous conduct, and to deter Defendants and/or other agents of the court from engaging in such misconduct in the future;

6. All courts orders derived from 2012 fraud to be voided in all forums.

7. This Court should grant any and all other such legal or equitable relief as it deems necessary, just, and appropriate.

BY _____
Lillie M. Coley- PhD
In pro-per
3900 City Ave. *Apt M420*
Phila., PA 19131
Phone: 215-620-0278
Email:Lillie.coley@gmail.com

BY _____
Rymir Satterthwaite
In pro-per
3650 N. Marvine St.
Philadelphia, PA 19140
Email:

BY _____
Robert Graves
In Pro per
44a Hall Manor
Harrisburg, PA 17050Email:
RIB GRAVES GMAIL COM

29

BY _____
Lillie M. Coley- PhD
In pro-per
3900 City Ave. , M420
Phila., PA 19131
Phone: 215-620-0278
Email:Lillie.coley@gmail.com

BY _____
Rymir Satterthwaite
In pro-per
3650 N. Marvine St.
Philadelphia, PA 19140
Email:

BY _____
Robert Graves
In Pro per
44a Hall Manor
Harrisburg, PA
17050 Email: ribgraves@gmail.com

BY _____
Estate of Wanda Satterthwaite care of
Lillie M. Coley

I certify that the foregoing statements are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

March 8, 2024       _____
                         Lillie M. Coley-PhD

30

## CERTIFICATION PURSUANT TO FEDERAL RULES OF CIVIL

## PROCEDURE, RULE 11

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of

my knowledge, information, and belief that this Initial Complaint: (1) is not being

presented for an improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation; (2) is supported by existing law or by a

non-frivolous argument for extending, modifying, or reversing existing law; (3) the

factual contentions have evidentiary support or, if specifically so identified, will

likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the

requirements of Rule 11.

Dated. _March 8_, 2024.

BY _____    BY _____    BY _Robert Graves_
Lillie M. Coley- PhD       Rymir Satterthwaite      Robert Graves
In pro-per                       In pro-per                      In Pro per
3900 City Ave., M 420    3650 N. Marvine St.      44a Hall Manor
Phila., PA 19131             Philadelphia, PA 19140  Harrisburg, PA 17050Email:
Phone: 215-620-0278       Email:                          _RIB.GRAVES.9.GMAIL_
Email:Lillie.coley@gmail.com                                _.COM_

31